# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ORANGEBURG DIVISION

| | | |
|---|---|---|
| Employers Mutual Casualty Company, | ) ) | Civil Action No. 5:16-cv-01203-JMC |
| Plaintiff, | ) ) | |
| v. | ) ) | **ORDER OF DEFAULT JUDGMENT** |
| Godley Auction Company, Inc. of South Carolina and Larry L. Hudson, | ) ) ) ) ) | **AS TO GODLEY AUCTION COMPANY, INC. OF SOUTH CAROLINA** |
| Defendants. | ) ) | |

This matter is before the court on Plaintiff Employers Mutual Casualty Company's ("Plaintiff") request for entry of default judgment as to Godley Auction Company, Inc. of South Carolina, pursuant to Fed. R. Civ. P. 55(b)(2). (ECF No. 16.)

On April 18, 2016, Plaintiff filed a Complaint against Godley Auction Company, Inc. of South Carolina ("GAC-SC") and Larry L. Hudson (collectively "Defendants"). Plaintiff's Complaint is based on an accident that occurred on November 5, 2014, in Orangeburg County, South Carolina, and subsequent litigation filed by Defendant Hudson, currently pending in the Orangeburg County Court of Common Pleas (hereafter "the Underlying Litigation"). (ECF No.1-1.)

Plaintiff issued a commercial general liability policy (hereafter "Policy A") to Godley Auction Company, Inc., Charlotte, North Carolina, with effective dates of September 3, 2014 to September 3, 2015. (ECF No. 1-2.) Furthermore, Plaintiff issued a commercial general liability policy (hereafter "Policy B") to Defendant GAC-SC, with effective dates of September 1, 2011

1

to September 1, 2012. (ECF No. 1-2.) Policy B was cancelled upon the dissolution of GAC-SC in April, 2012. (ECF No. 1 at 5.) According to the Complaint filed in the Underlying Litigation, on December 31, 2009, Defendant Hudson purchased a two-row corn picker from Defendant GAC-SC in Orangeburg, South Carolina. Defendant Hudson allegedly was injured while using the corn picker on November 5, 2014. (ECF No. 16 at 5.) Plaintiff states that the allegations in the Underlying Litigation do not trigger Policy B's insuring agreement since they do not constitute an occurrence resulting in a bodily injury that occurred during the policy period. *Id.* Plaintiff further states that the allegations in the Underlying Litigation do not trigger Policy A's insuring agreement as they do not constitute sums an "insured" is legally obligated to pay due to a bodily injury caused by an occurrence. *Id*.

Plaintiff requests a declaration that it has no duty to defend or indemnify GAC-SC for any judgment in the Underlying Litigation because Defendant GAC-SC is not insured under Policy A and any claims made against Defendant GAC-SC in the Underlying Litigation are not covered by Policy A and/or Policy B. (ECF No. 1 at 6.) Plaintiff further requests reimbursement from Defendants for its court fees.

Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 55(b)(2) provides for the entry of default judgment by the court against a party in default. *Id.* When a defendant defaults, the court is to accept as true the well-pleaded factual allegations in the complaint as to defendant's liability. *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780-1 (4th Cir. 2001).

In this matter, Defendant GAC-SC failed to plead or otherwise defend and is now in default. Therefore, Plaintiff's allegations in the Complaint are deemed admitted and it is entitled to a default judgment against Defendant GAC-SC pursuant to Fed. R. Civ. P. 55(b)(2). *Bank*

*Meridian, N.A. v. Motor Yacht "It's 5 O'Clock Somewhere" Official No. 1073764*, C/A No. 2:09-594-MBS, 2011 WL 2491369, at *2 (D.S.C. June 21, 2011).

Based on the foregoing, and upon consideration of the Summons and Complaint, and the Plaintiff's Motion for Entry of Default Judgment (ECF No. 16), the court finds that Defendant GAC-SC is in default in this matter.

It is, therefore, ordered, adjudged and decreed that Defendant GAC-SC is in default, and the court finds that the claims asserted against Defendant GAC-SC in the Underlying Litigation are not covered under Policy A and/or Policy B, and Plaintiff has no duty to defend or indemnify Defendant GAC-SC.

**IT IS SO ORDERED**.

*J. Michelle Childs*
United States District Judge

May 3, 2017
Columbia, South Carolina